

October 27, 2023

Kan M. Nawaday

t 212.370.6240
f 212.307.5598
KMNawaday@Venable.com

**BY ECF**

Catherine O'Hagan Wolfe, Clerk of Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

    Re:   *Greater Chautauqua Fed. Credit Union v. Quattrone*, No. 23-733

Dear Ms. Wolfe,

We write in response to Appellants' October 6, 2023 Supplemental Letter Brief ("Ltr. Br.") addressing the effect of the District Court's September 15, 2023 order modifying the scope of its preliminary injunction ("PI") to apply to only the three named Plaintiffs. *See* Appellants' Ex. A ("Modified PI"). Appellants argue that the Modified PI moots only part of their appeal and that this Court should take further action to "remedy the harm caused" by the initial injunction. Ltr. Br. 1. For the reasons below, the Modified PI resolves all relief requested and available in this appeal. This Court should deny the Motion and dismiss the appeal.

First, the Modified PI renders moot both Appellants' Motion (ECF 10) and this appeal. "A case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Tann v. Bennett*,



807 F.3d 51, 52 (2d Cir. 2015) (citations omitted).  Here, all issues properly on appeal have been resolved.

To recap the proceedings, Appellants moved to intervene in the District Court below *solely* for the limited purpose of moving to modify the scope of the District Court's initial PI to apply to only the three named Plaintiffs and their respective Sheriff-Defendants.  The District Court denied the motion, and Appellants appealed.  Prior to any substantive briefing in this Court, Appellants moved for an order by this Court to modify the preliminary injunction "with respect to the scope of the judgments it covers and the Sheriff-Defendants to which it purportedly applies," *i.e.*, to limit the injunction's scope to the three named Plaintiffs and the respective Sheriff-Defendants.  ECF 10, Mot. 23.  But the District Court granted that *same relief*, in the Modified PI, in response to a similar motion made below by the New York Attorney General.  Ex. A at 12.  The Modified PI plainly limits the scope of the injunction to the three named plaintiffs.  That is, N.Y. C.P.L.R. 5004, as amended by Senate Bill 5724A, is now in effect—except as applied to the three named plaintiffs.  This is the same relief Appellants seek in this Court, both in their appeal and in their Motion.  In other words, the only issue presented on appeal has been decided.



Ms. Wolfe, Clerk of Court
October 27, 2023

Appellants acknowledge that the Modified PI moots at least "part" of their appeal but maintain that "it does not obviate the need for a ruling . . . that this Court remedy the harm and confusion wrought" by the original preliminary injunction. Ltr. Br. 1. Appellants do not (1) specify the "harm and confusion" that needs to be cured given the issuance of the Modified PI (they refer to evidence presented in the District Court about compliance with the initial PI only); (2) explain why this Court needs to order service of the Modified PI as the particular "remedy" to cure this supposed confusion; (3) set forth the authority of this Court to order such a remedy in the first instance, without the issue having been decided in the District Court which has issued the PI; or (4) explain why Appellants, and not the alleged victims of any confusion (the Sheriffs), are the appropriate party to seek such relief.

Instead, they recast their moving papers as a "two-part" request for this Court to (1) narrow the PI to Appellees only; and (2) "remedy the harm created by the District Court's order that Appellees distribute the PI to all Sheriffs statewide." Ltr. Br. 2. But their Motion never lays out any such "two-part" request.[1] At most,

---

[1] In their Motion Information Sheet, Appellants state they seek relief to "narrow [the original PI's] application to judgments held only by the Plaintiffs-Appellees and to clarify that it does not bind any non-party Sheriffs or other enforcement officials across the State of New York who are not defendants." Appellants never specify how this Court should "clarify" the initial injunction, and, in any event, there is no

3



Ms. Wolfe, Clerk of Court
October 27, 2023

Appellants state in passing that a modified PI "should then be redistributed to all non-party Sheriffs who received the original PI." Mot. 17. This general, aspirational position neither asks this Court to order anything, nor requests that Appellees do the redistributing, which, as Appellees pointed out, Ex. C at 1, Appellants are welcome to do so themselves. Only now, Appellants state that the "District Court should order distribution" of the Modified PI to the 59 non-party New York Sheriffs. Ltr. Br. 7, but again do not explain what specific relief they request from this Court. Appellants' only specific request—modification of the PI—is, as they admit, moot. *Id.* at 1. And even if their Letter Brief could be read liberally to make such a request for an order directing the District Court to provide such relief, they never say why this Court should (or even can) issue such an order when (1) no such relief was requested below; and (2) surely the New York Attorney General would have sought such relief below if it were necessary.

Further confusing the issue, in their email to Appellees' counsel, Appellants asked Appellees to agree to a stipulation whereby Appellees would distribute the Modified PI Order with a cover letter containing certain findings that the District

---

confusion about the scope of the Modified PI. Any purported issue about the scope of the initial PI is now moot.



Court has *never made* (including that the non-party Sheriffs were not bound by the original preliminary injunction order and that they are not bound by the Modified PI). Ex. C at 1. It appears that Appellants are disappointed that the District Court did not grant relief in exactly the way they had hoped. But that does not change that their appeal is moot and should be dismissed accordingly.

Second, the Court should deny the Motion because Appellants are non-parties who lack standing to seek the relief they request from this Court. Opp'n at 5–6, ECF 21 (explaining that Appellants have no standing to move to modify a preliminary injunction pending appeal under the Federal Rules of Appellate Procedure). The District Court acknowledged that Appellants lacked standing when it denied Appellants' September 20, 2023 request for it to "direct Plaintiffs immediately to provide notice of the amended preliminary injunction" to all New York State Sheriffs. Ex. B. The Court reasoned that Appellants "are not parties to this case and have no legal interests that are impacted by the operative (modified) preliminary injunction, and as such they lack standing to seek the requested relief." *Id.* And, even if Appellants had standing to file their Motion in the first instance, any purported interest no longer exists because of the Modified PI. This explains why their Letter Brief omits mention of any present interest.



Ms. Wolfe, Clerk of Court
October 27, 2023

For the reasons above, this Court should deny the Motion and dismiss the appeal.

Respectfully,

*/s/ Kan M. Nawaday*

Kan M. Nawaday
Mitchell Y. Mirviss
Elizabeth C. Rinehart

*Counsel for Appellees*

cc: All counsel of record (by ECF)