

100 William Street, 6th Floor
New York, NY 10038
Tel 212-417-3700
Fax 212-417-3890
www.mobilizationforjustice.org

<u>**Via ECF**</u>

May 9, 2024

Catherine O'Hagan Wolfe, Clerk of the Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

    Re:    *Greater Chautauqua v. Quattrone,* No. 23-733 (2d Cir.)

Dear Ms. Wolfe,

    Pursuant to the Court's instruction during the May 7, 2024 argument on Appellants' pending motion, Appellants submit this supplemental letter.

    On or about July 16, 2023, I spoke with Brenda Mojica, the case manager for this appeal, regarding a briefing schedule for the underlying merits appeal. Ms. Mojica and I agreed that judicial resources would be preserved by waiting for the pending motion to be resolved before the merits appeal is briefed, given that if the motion were resolved in Appellants' favor, there would be no need to resolve the underlying appeal. Based on that conversation, Appellants did not submit a proposed briefing schedule on the merits appeal under Local Rule 31.2(a)(1)(A). Until the argument this past Tuesday, Appellees never mentioned this rule or otherwise requested that the merits of the appeal be briefed. We recognize that it is atypical for an appeal to be pending for this long without merits briefing. We did not think it would be appropriate to ask the Court when it expected to resolve the pending motion, and under the circumstances, we thought it was best to wait.

    With respect to Judge Cabranes' suggestion that the pending motion be consolidated for decision with the merits of the appeal, we respectfully continue to believe that the motion should be resolved first in the interest of justice. If this Court were to order a corrective notice process as Appellants have requested, there would be no need to brief the merits of the underlying intervention denial because Appellants will have received the relief they are seeking. If this Court were to deny the pending motion, we would brief the merits appeal and seek vacatur of the

District Court's intervention denial and then seek a remedy from the District Court, but this approach would further delay the straightforward, non-burdensome, and critically important relief we are seeking.

If the Court disagrees and chooses to consolidate the motion with the merits of the appeal, Appellants respectfully request that the Court order an expedited briefing schedule and set the earliest argument date that is practical.

We acknowledge that this case is in an unusual posture. Three Buffalo-area federal credit unions brought an as-applied Takings Clause challenge to a remedial consumer-protection statute that the Legislature intentionally applied retroactively to ameliorate the accrual of punishing post-judgment interest that disproportionately affects low-income New Yorkers and New Yorkers of color burdened by consumer and medical debt. Even though this is an as-applied challenge, the plaintiffs brought it on behalf of a putative class. Making the case even more unusual, these three upstate plaintiffs obtained what amounted to a statewide injunction against three Buffalo-area Sheriffs from a downstate District Court, and the District Court then ordered the dissemination of the overbroad injunction to every non-party Sheriff throughout the State. It is even more unusual still for the District Court to have then modified and substantially narrowed its statewide injunction in one respect, but then refused to direct the dissemination of the narrowed injunction, or even allow the only litigants raising that critical issue to be heard. And yes, it certainly is unusual for an appeal to be pending before this Court for this long without merits briefing. Despite the many ways in which this appeal and motion are *sui generis*, we respectfully submit that the most appropriate course would be for the Court to grant Appellants' motion and order the District Court to engage in the simple corrective notice process we are seeking. This modest relief, which would not prejudice any party, would ensure that low-income New Yorkers in the other 59 New York counties are not deprived of their statutory rights due to the confusion caused by the unusual and problematic process below.

We appreciate the Court's attention to the pending motion.

Respectfully submitted,

*/s/ Michael N. Litrownik*
Michael N. Litrownik
Counsel for Appellants

cc: All counsel of record (via ECF and email service)